ROBERT L. BLAND, Judge.
The claim embraced in this proceeding arises out of a highway accident which occurred on route 2, project 184-c, approximately two miles south of Moundsville in Marshalll county, West Virginia, on Friday morning, March 12, 1943. It appears from the record prepared by respondent and filed with the clerk on April 10, 1943, that on the said morning of March 12, at about 11: 00, a crew of Marshall county state road commission employees was clearing the ditch along route no. 2, working truck shovel no. 625-3 for loading truck no. 630-67. When engaged in such work it is necessary to maintain one-way traffic through the men-working zone, always using a flagman to instruct traffic. George Ruckman, driving truck no. 630-67, had returned to the working zone from unloading his truck at the waste pit and stopped the truck headed toward the ditch on the left side of the highway 110 feet south of the shovel, waiting for an opportunity to turn the truck to be reloaded. Roy Myers, another truck driver, driving truck 630-81, following Ruckman a short distance behind, passed and stopped his truck also on the left side of the road and at this particular moment both state road trucks were stopped. An ambulance, driven by Elwood Grissell, of Moundsville, traveling south at a moderate rate of speed was given the all clear signal to drive on through the men-working zone by the flagman, Charles Weidebush. Suddenly, without orders, Ruckman backed his truck in front *120 of the ambulance causing the claimant, Grissel, to run into the truck and damage the ambulance to an itemized amount of $623.16. The flagman, Weidebush, states that Ruckman was parked at the side of the road with the truck doors and windows closed and did not look to him for any signal, as is customary for drivers to do, and backed the truck in front of the ambulance while he and Paul Bungard, a shovel operator, were shouting to him to stop the truck.
As a result of the accident the ambulance was very badly damaged and the claimant, Grissell Funeral Home incurred liability in the sum of $623.16 for materials furnished and work and labor done in repairing the vehicle.
It does not appear from the record that claimant, Grissell Funeral Home, has made settlement with claimant Elmer Schweizer for this amount.
The state road commission recommends an award in favor of the two claimants for the said sum of $623.16. The attorney general approves this payment as one which in contemplation of the court act should be paid. Our examination of the record convinces us that the claim asserted is just and meritorious and entitled to an award.
We, therefore, award to claimant, Grissell Funeral Home and claimant Elmer E. Schweizer, jointly, the sum of six hundred twenty-three dollars and sixteen cents ($623.16).